UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOHN A. ZACCARO
          Plaintiff,

      v.

HASU P. SHAH, KIRAN P. PATEL,
AFFORDABLE HOSPITALITY
ASSOCIATES, L.P., AFFORDABLE
HOSPITALITY, INC., HERSHA
HOSPITALITY TRUST, HERSHA
ENTERPRISES, LTD., NISH
CAPITAL, INC., 3344
ASSOCIATES, L.P., JOHN and
MARY DOES "1" through "10" and
DOE CORPORATIONS "1" through
"10"
          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

No.



JUDGE CASTEL

08 CV 3138

MAR 27 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## NOTICE OF REMOVAL

Defendants Hasu P. Shah, Kiran P. Patel, Affordable Hospitality Associates, L.P.,

Affordable Hospitality, Inc., Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital,

Inc., 3344 Associates, L.P., John and Mary Does 1-10, and Doe Corporations 1-10

("Defendants"), by and through its undersigned counsel, hereby removes the above matter from

the Supreme Court of the State of New York, County of New York, Index No. 102874/08 to the

United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§

1332, 1441 and 1446 and in support thereof asserts the following:

    1.    Plaintiff John A. Zaccaro ("Plaintiff") initiated the above-referenced matter by

filing a Summons and Complaint against Defendants in the Supreme Court of the State of New

York, County of New York under index number 102874-08 on or about February 22, 2008. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A."

2.　　A copy of the Summons and Complaint was served on Defendants at their Pennsylvania offices, said service occurring on February 29, 2008. A true and correct copy of the Affidavit of Mayur Patel, Esq. is attached hereto as Exhibit "B."

3.　　This notice of removal is timely filed in accordance with 28 U.S.C. §1446(b), which provides that a notice of removal shall be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. Defendants were served with and became aware of the Summons and Complaint on February 29, 2008. Defendants' filing of this notice of removal on March 27, 2008 is within the thirty (30) days provided for in 28 U.S.C. §1446(b).

4.　　This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1332(a) and 1441(a), because the Summons and Complaint involves a claim between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.　　As alleged in the Summons and Complaint, Plaintiff is now, and was at the time of the filing of the lawsuit, an individual residing and having offices located in the **State of New York**.

6.　　Defendant Hasu P. Shah is an individual residing in the **Commonwealth of Pennsylvania**.

2

7.     Defendant Kiran P. Patel is an individual residing in the **Commonwealth of Pennsylvania**.

8.     Defendant Affordable Hospitality Associates, L.P. is now, and was at the time of the filing of this lawsuit, a limited partnership organized and existing under the laws of the **Commonwealth of Pennsylvania**, with its principal place of business in Pennsylvania.

9.     Defendant Affordable Hospitality Associates, Inc. is now, and was at the time of the filing of this lawsuit, a corporation organized and existing under the laws of the **Commonwealth of Pennsylvania**, with its principal place of business in Pennsylvania.

10.     Defendant Hersha Hospitality Trust is now, and was at the time of the filing of this lawsuit, a real estate investment trust organized and existing under the laws of the **State of Maryland**, with its principal place of business in Pennsylvania.

11.     Defendant Hersha Enterprises, Ltd. is now, and was at the time of the filing of this lawsuit, a corporation organized and existing under the laws of the **Commonwealth of Pennsylvania**, with its principal place of business in Pennsylvania.

12.     Defendant Nish Capital, Inc. is now, and was at the time of the filing of this lawsuit, a corporation organized and existing under the laws of the **Commonwealth of Pennsylvania**, with its principal place of business in Pennsylvania.

13.     Defendant 3344 Associates, L.P. is now, and was at the time of the filing of this lawsuit, a limited partnership organized and existing under the laws of the **Commonwealth of Pennsylvania**, with its principal place of business in Pennsylvania.

3

14.    Pursuant to 28 U.S.C. §1441(a), the United States District Court for the Southern District of New York is the federal court for the district embracing the place where the state court action is pending.

15.    Pursuant to 28 U.S.C. §1446(d), all adverse parties are being provided with written notice of the filing of this notice of removal.

16.    Pursuant to 28 U.S.C. §1446(d), a copy of this notice of removal is being filed with the Clerk of the Supreme Court of New York, County of New York.

17.    All Defendants named in the State Court proceedings join in and consent to this Removal.

**WHEREFORE**, Defendants Hasu P. Shah, Kiran P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc., Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital, Inc., 3344 Associates, L.P., John Does 1-10 and Doe Corporations 1-10 hereby remove the above-referenced matter now pending in the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§1332, 1441, and 1446.

FLECK, FLECK & FLECK

BY:_____
EDWARD A. FLECK, ESQUIRE 3469
1205 Franklin Avenue
Suite 300
Garden City, NY  11530

4

EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOHN A. ZACCARO,

           Plaintiff,

   vs.

HASU P. SHAH, KIRIN P. PATEL, AFFORDABLE
HOSPITALITY ASSOCIATES, L.P., AFFORDABLE
HOSPITALITY, INC., HERSHA HOSPITALITY TRUST,
HERSHA ENTERPRISES, LTD., NISH CAPITAL, INC. and
3344 ASSOCIATES, LP, JOHN AND MARY DOES "1"
THROUGH "10" AND DOE CORPORATIONS "1" through "10"

           Defendants.

Index No.

08102874

SUMMONS



To the above named Defendant:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of
your answer, or, if the verified complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: New York, New York
     February 21, 2008

                         Respectfully submitted,

                         ELI J. ROGERS, ESQ.
                         DREIFUSS BONACCI & PARKER, LLP
                         One Penn Plaza, 36th Floor
                         New York, New York 10119
                         - and -
                         26 Columbia Turnpike, North Entrance
                         Florham Park, NJ 07932
                         (973) 514-1414
                         *Attorneys for Plaintiff, John A. Zaccaro*

FILED
FEB 22 2008
COUNTY CLERK'S OFFICE
NEW YORK

NEW YORK
COUNTY CLERK'S OFFICE

FEB 27 2008

NOT COMPARED
WITH COPY FILED

COUNTY C...
FEB 2...
NEW ...

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOHN A. ZACCARO,

Index No.: *102874/08*

          Plaintiff,

    vs.

HASU P. SHAH, KIRIN P. PATEL, AFFORDABLE
HOSPITALITY ASSOCIATES, L.P., AFFORDABLE
HOSPITALITY, INC., HERSHA HOSPITALITY
TRUST, HERSHA ENTERPRISES, LTD.,NISH
CAPITAL, INC., 3344 ASSOCIATES, LP, JOHN and
MARY DOES "1" through "10", and DOE
CORPORATIONS "1" through "10"

          Defendants.

**COMPLAINT & JURY DEMAND**

NEW YORK
COUNTY CLERK'S OFFICE

FEB 22 2008

NOT COMPARED
WITH COPY FILE

      Plaintiff, John A. Zaccaro (hereinafter "Plaintiff"), by and through his attorneys, Dreifuss

Bonacci & Parker LLP, brings this Complaint as against Defendants, Hasu P. Shah, Kirin P.

Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc., Hersha Hospitality

Trust, Hersha Enterprises, Ltd., Nish Capital, Inc. and 3344 Associates, LP and alleges as

follows:

<u>**PARTIES**</u>

     1.    Plaintiff is a resident of the State of New York, having an office located at 218

Lafayette Street, New York, NY 10012.

     2.    Defendant, Hasu P. Shah (hereinafter "Defendant Shah"), is an individual and

upon information and belief is an officer of Defendant Hersha Enterprises, LTD. (hereinafter

"Defendant Hersha").

     3.    Defendant Shah is an individual and upon information and belief is Chairman of

Defendant Hersha Hospitality Trust.

1

4.    Defendant Shah is an individual and upon information and belief is an officer and shareholder of Defendant Nish Capital, Inc.

5.    Defendant Shah is an individual and upon information and belief is President of Defendant Affordable Hospitality, Inc.

6.    Defendant Shah is an individual and upon information and belief is an officer and/or partner of Defendant Affordable Hospitality Associates, L.P.

7.    Defendant Shah is an individual and upon information and belief, Defendant does business through various entities in New York and owns commercial real property in New York County.

8.    Defendant Kirin P. Patel (hereinafter "Defendant Patel") is an individual and upon information and belief, is a principal, officer and/or partner of Defendant Affordable Hospitality Associates, L.P.

9.    Defendant Patel is an individual and upon information and belief, is a principal, officer and/or partner of Defendant Affordable Hospitality, Inc.

10.    Defendant Patel is an individual and upon information and belief, is an officer of Defendant Hersha Hospitality Trust.

11.    Defendant Patel is an individual and upon information and belief, is an officer and principal of Defendant Nish Capital, Inc.

12.    Defendant Patel is an officer and upon information and belief, Defendant does business through various entities in New York and owns commercial real property in New York County through his ownership interest in various entities.

13.    Upon information and belief, Defendant, Affordable Hospitality Associates L.P., (hereinafter the "Partnership") at all times mentioned herein, was and still is a foreign limited

2

liability partnership organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 148 Sheraton Drive, Box A, Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102.

14.    Upon information and belief, Defendant Affordable Hospitality Inc., at all times hereinafter mentioned, was and still is a foreign corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 148 Sheraton Drive, Box A, Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102.

15.    Upon information and belief, Defendant Hersha Hospitality Trust, at all times mentioned, was and still is a foreign real estate investment trust organized and existing by virtue of the laws of the State of Maryland, having offices located at 148 Sheraton Drive, Box A, New Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102. Upon information and belief, Defendant does business in New York and owns and/or manages/operates commercial real property in New York County.

16.    Upon information and belief, Defendant Hersha Enterprises, Ltd., (hereinafter "Defendant Hersha"), at all times hereinafter mentioned, is a foreign company organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 148 Sheraton Drive, Box A, New Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102. Upon information and belief, Defendant does business in New York and owns and/or manages/operates commercial real property in New York County.

17.    Upon information and belief Defendant Nish Capital, Inc. (hereinafter "Defendant Nish Capital"), at all times hereinafter mentioned, was and still is a foreign corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 148 Sheraton Drive, Box A, Cumberland, Pennsylvania 17070 and 44 Hersha

3

Drive, Harrisburg, Pennsylvania 17102. Upon information and belief, Defendant Nish Capital does business in New York and owns and/or manages/operates commercial real property in New York County.

18.    Upon information and belief Defendant 3344 Associates, LP, (hereinafter "Defendant 3344"), at all times hereinafter mentioned, was and still is a foreign corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 44 Hersha Drive, Harrisburgh, PA 17102. Upon information and belief, Defendant 3344 does business in New York and owns and/or manages/operates commercial real property in New York County.

19.    The Defendants, John and Mary Does "1" through "10" are persons whose actual names are presently unknown to plaintiff, and who directed or participated, either by themselves or with others in the acts complained of in this complaint.

20.    Doe Corporations "1" through "10" are corporate are other entities created by or under the color of law whose identities cannot be determined at this time, but who directed or participated, either by themselves or with others in the acts complained of in this complaint.

## FACTUAL BACKGROUND

21.    Plaintiff is engaged in the business of acquiring, developing and managing real estate.

22.    Defendants are engaged in the business of acquiring, developing and managing hotel facilities.

23.    In or about August 1996, Plaintiff entered into an agreement with Capital & Venture Resources, Ltd. and Stephen Guzzardi (hereinafter "Guzzardi") for the purpose of

4

developing the real property located at 210-212 North 13th Street, a/k/a 1301-1309 Race Street, Philadelphia, Pennsylvania, as a hotel property.

24.    On or about September 25, 1997, Plaintiff, entered into a contract of sale to purchase the real property located at 210-212 North 13th Street, a/k/a 1301-1309 Race Street, Philadelphia, Pennsylvania, for the purpose of constructing a new hotel property (hereinafter the "Hotel Project") at said location.

25.    On or about September 1998 Defendant Shah was first introduced to Emmet Delany (hereinafter "Delaney"), Guzzardi and Plaintiff through Greg Fox, who was then a franchise representative for Cendant.

26.    Defendants currently own and have owned through various entities numerous properties and operate various Hotels and Inns in New York County, Pennsylvania and other states while operating as a family-owned business.

27.    On or about October 28, 1998, Plaintiff, Guzzardi and Delany entered into a Letter of Intent with Defendant Hersha, to form a Joint Venture for the development and construction of the Hotel Project.

28.    On or about March 15, 1999, the Partnership was organized and formed under and pursuant to the laws of the Commonwealth of Pennsylvania, under the terms of the Letter of Intent.

29.    In or about March 1999, the Partnership was formed by and between Defendant, Affordable Hospitality, Inc., (which served as general partner), Defendant Shah (limited partner), Plaintiff (limited partner), and Guzzardi (limited partner). The Partnership was formed with the specific intent and purpose of acquiring, developing and operating the purchased property as a hotel.

30.     The Hotel Project consisted of the construction of a 250 room hotel, with commercial space on the ground level with a portion to be used for retail purposes and was suggested by Defendants and agreed by the Partnership to operate the hotel as a "Hampton Inn and Suites."

31.     Defendant Hersha, upon information and belief, is affiliated with or under common control and ownership of the Hersha Family of companies.

32.     On or about June 1, 2000, with the consent and permission of the Partnership and Defendant, Affordable Hospitality Associates, Inc., and Plaintiff, the Partnership allowed Delany to acquire 8.25% interest in the Partnership, equally taken from both Plaintiff's and Guzzardi's interests. As a result of this transaction, Plaintiff, Guzzardi and Delany ultimately had equal 16.5% interests to the Partnership.

33.     Upon information and belief, on or about June 4, 2002, Hersha Capital, Inc., which is affiliated with and/or under common control and ownership of the Hersha Family of Companies acquired the entire limited partnership interests of both Guzzardi and Delany.

34.     After acquiring the interests of Guzzardi and Delany, Defendants held approximately 83% of the Partnership through various entities in the Hotel Project, while Plaintiff became a 16.67% partner.

35.     Defendants continued to exclusively retain the day to day management and operational functions of the Hotel Project.

36.     From 2004 throughout most of 2005, during numerous meetings and in numerous conversations, Defendants represented to Plaintiff that the hotel was not operating at a profit, and that in essence, based upon Defendants' knowledge of the business and experience in the

6

Philadelphia metropolitan area, that the hotel business in the City of Philadelphia was on a decline.

37.     Taking full advantage of their misrepresentations of a failing Philadelphia hotel market, Defendants used these misrepresentations as a means to request additional cash call payments from Plaintiff.

38.     In or about February 2005, due to Plaintiff's concerns regarding the financial viability of the hotel, Plaintiff made several demands, both orally and in writing, requesting certified financials, books, records and K-1's through the year 2004, pursuant to the Partnership's Minutes and By-Laws, as well as courses of business dealings.

39.     Defendants failed and/or refused Plaintiff's requests to provide financials, accounts, books, records and K-1's in connection with the hotel project.

40.     On numerous occasions Defendants had various communications with Plaintiff, meeting him in his New York office, as well as conducting various telephone conferences in connection with the hotel project.

41.     During one such meeting at Plaintiff's New York office, in response to Defendants' claims regarding the financial instability of the hotel, along with the forecast of a weak outlook for the Philadelphia hotel business, Plaintiff recommended that the Partnership consider converting the hotel project into condominiums.

42.     Without taking time to consider, much less analyze Plaintiff's proposal, Defendants promptly rejected the suggestion and offered to purchase Plaintiff's shares for $1.00 outright, insisting to Plaintiff that no other party would be willing or interested in purchasing his shares in the Partnership for anything more.

7

43.     On or about November 2005, Defendant Shah personally appeared at Plaintiff's office in New York to again discuss and persuade Plaintiff into allowing Defendant Shah to buy out his remaining interest in the Partnership by again reiterating the instability of the Philadelphia hotel market and informing Plaintiff that because the hotel was losing money an additional cash call in the sum of $450,000.00 would be required to be paid by Plaintiff.

44.     At the aforesaid meetings, after informing Plaintiff of the impending capital call, Defendant Shah offered Plaintiff the sum of $200,000.00 to purchase Plaintiff's interest in the Partnership. Defendant Shah again reiterated his supposed knowledge of the hotel business in Philadelphia, and claimed the hotel business was on a steady decline and that their hotel specifically was not operating at a profit, and that no other investor would be willing or interested in purchasing Plaintiff's interest in the Partnership.

45.     Pondering the potential sale of his interest in the Partnership, Plaintiff again renewed his requests to examine the financials of the Partnership, which were exclusively controlled and maintained by the Defendants.

46.     Despite several requests made by Plaintiff for Defendants to produce financials and K-1's for the Partnership, Defendants again failed and/or refused to furnish or make them available to him.

47.     Reasonably relying upon Defendant Shah's representations, along with his experience in the hotel market, as well as relying upon Defendant's duties as a fiduciary, Plaintiff reluctantly agreed to sell and assign his interests in the Hotel Project to Defendants at a loss.

8

48.    On or about November 3, 2005, Plaintiff's entire partnership interest was acquired by Defendant Nish Capital, which, upon information and belief, is a member of the Hersha Family of Companies for the sum of $203,000.00.

49.    Plaintiff invested the sums of $283,000.00 and $180,000.00 into the Partnership and sold his entire interest for $203,000.00.

50.    Upon information and belief, approximately three (3) weeks after Plaintiff's entire Partnership interest was acquired by Defendant, Defendants sold 80% of their interest in and to the Partnerships Hotel Project for the sum of $28,000,000.00 to Defendant Hersha Hospitality Trust, a real estate investment trust, which upon information and belief, for which the individual Defendants and members of their family are key executives, and affiliated with the Hersha Family of Companies and managed by the individual Defendants named herein who have significant interest.

51.    As a result of Defendants actions, Plaintiff sustained damages of approximately $6,000,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

52.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this complaint as if set forth herein in their entirety.

53.    Defendant Shah, as a partner in the Partnership, was under a fiduciary duty to act for the benefit of the Partnership and not in a manner adverse to the partners or the Partnership.

54.    As a partner, Defendant Shah owed a fiduciary duty of loyalty, trust, good faith, and confidence to the other members of the Partnership.

55.    The plaintiff, as a partner, relied upon Defendant's duty to deal with him fairly, in good faith and to the Partnership's benefit and not to the detriment of its partners.

9

56.    Defendant Shah did not act in the appropriate manner and breached his fiduciary duties to the Partnership by concealing vital information regarding the financial status and future of the Partnership from Plaintiff.

57.    Defendant Shah purposefully and intentionally made misrepresentations to Plaintiff in connection with the financial stability of the project, as well as the then current state of the hotel business in Philadelphia.

58.    Defendant Shah's purpose and intent in withholding crucial information regarding the financial status of the hotel, as well as the hotel business in Philadelphia, from Plaintiff was done in an effort to persuade Plaintiff into selling his remaining interest in the Partnership to Defendant; all the while Defendant was well aware his actions would financially harm Plaintiff and benefit the Defendant and ultimately be a detriment to the Partnership.

59.    Defendants' ultimate goal in acquiring Plaintiff's interest in the Partnership was to obtain full and exclusive control of the Partnership with the intent to deprive Plaintiff of sharing in the Partnership's imminent ventures, including but not limited to the deal for which Defendants' have a significant interest and are principals of Defendant Hersha Hospitality Trust.

60.    By failing to share critical information regarding the financial status of the hotel and the potential growth of the Philadelphia hotel market, as well as the Defendants' plans for the Partnership's imminent ventures with Defendant Hersha Hospitality Trust, a company they have a significant interest in Defendants withheld crucial information from Plaintiff that would have undoubtedly played an integral role in Plaintiff's decision to ultimately sell his shares.

61.    Upon information and belief, Defendant Shah fraudulently concealed his own internal negotiations with Defendants Nish Capital and Hersha Hospitality Trust, both of which were members of the Hersha Family of Companies.

10

62.    Weeks after Plaintiff sold his interest to Defendant Nish Capital, Defendant Hersha Hospitality Trust, a public company with significant disclosure requirements, acquired 80% of the Partnership's interests for $28,000,000.00. It is self-evident that negotiations had taken place between the parties prior to Plaintiff selling his interest. Defendants Shah, Patel, and others were direct or indirect owners of that entity.

63.    Defendant Shah conspired with the other Defendants in an effort to persuade Plaintiff into selling his shares, thereby providing Defendant Hersha Hospitality Trust the opportunity to acquire 80% of the Partnership's interests.

64.    Defendant Shah reaped significant financial rewards by breaching his fiduciary duties to his co-partners.

65.    Defendant Shah breached his obligations as a fiduciary and failed to fulfill his duties of loyalty, trust, good faith, and confidence to the other members of the Partnership, resulting in substantial financial loss and damages to Plaintiff.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
(Breach of Partnership Agreement)

66.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

67.    Defendant Shah was a limited partner of the Partnership and President of Defendant Affordable Hospitality Inc., the general partner.

68.    As a partner in the Partnership and as President of Affordable Hospitality Inc., Defendant Shah owed a duty of care, good faith and loyalty to the Partnership and his partners.

69.    Defendant Shah breached his duties and obligations to the Partnership and to his partners pursuant to the terms and conditions of the Partnership Agreement and to the detriment of the Partnership and his partners.

11

70.    Defendant Shah engaged in activities for his own personal gain and to the detriment of his partners and the Partnership.

71.    By reason of the foregoing, Defendant Shah's breach of his obligations under the Partnership Agreement has resulted in substantial financial loss and damages to Plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fraudulent Concealment by a Fiduciary)

72.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

73.    Defendants have been in the hotel business for over 20 years and based upon their experience as seasoned professionals, they conducted day-to-day business operations of the hotel ownership and had control over books and records which are located in Pennsylvania.

74.    Defendants were determined to gain exclusive control over the Partnership and began to implement a plan, by approaching Plaintiff in an effort to persuade him to sell his interest in the Partnership.

75.    Defendant Shah, as a partner in the Partnership, failed to disclose and intentionally concealed material facts in an effort to buy out Plaintiff's interest in the Partnership.

76.    At the time Defendants approached Plaintiff in connection with acquiring his interest in the Partnership, Defendants had already negotiated and contemplated a deal to enter into a Joint Venture with Defendant Hersha Hospitality Trust, for which Defendant Shah and members of his family are senior executives and have substantial ownership through various entities.

77.    In an effort to compel Plaintiff to sell his shares in the Partnership, Defendants intentionally concealed the potential profitability of the property and failed to disclose relevant information regarding the future of the hotel to Plaintiff.

12

78.    Defendants were aware of certain information regarding the expansion of the Convention Center, indicating that the hotel market in Philadelphia was about to experience rapid growth.

79.    Defendants were aware of material facts that would have played an integral role in Plaintiff's ultimate decision to sell his interest in the Partnership to Defendant Nish Capital.

80.    Plaintiff reasonably relied to his detriment upon the Defendants in their capacity as fiduciaries to the Partnership and based upon Defendants' continued misrepresentations Plaintiff was forced to forego his return on his investment when his interests were sold to Defendants.

81.    Plaintiff reasonably relied upon the misrepresentations made by Defendant Shah because he owed a fiduciary duty to the partners of the Partnership.

82.    Plaintiff reasonably relied upon the misrepresentations made by Defendants based upon Defendants background and expertise in the hotel business.

83.    Defendants fraudulently concealed their own internal negotiations with Defendants Nish Capital and Hersha Hospitality Trust from Plaintiff.    Defendants have significant interest in Defendants Hersha Hospitality Trust, Nish Capital and Affordable Hospitality.

84.    Weeks after Plaintiff sold his interest to Defendant Nish Capital, plans were immediately underway for Defendant Hersha Hospitality Trust to acquire 80% of the Partnership's interests.

85.    Defendants conspired with one another in an effort to persuade Plaintiff into selling his shares, thereby providing Defendant Hersha Hospitality Trust the opportunity to acquire the Partnership's interest.

13

86.     Plaintiff reasonably relied upon the representations made by Defendants, and suffered approximately $6,000,000.00 in damages proximately caused by Defendants' fraudulent concealment.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unjust Enrichment)

87.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

88.     Based upon Defendants' misrepresentations, Plaintiff ultimately agreed to sell his remaining shares in the Partnership at a loss, thereby conferring a substantial benefit upon Defendants for the transaction which they initiated.

89.     Permitting Defendants to retain the value of the benefit conferred at the expense of the Plaintiff would be unfair, inequitable and unjust.

90.     As a result of Defendants' wrongful conduct, Plaintiff incurred substantial financial loss and damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Accounting)

91.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

92.     Upon information and belief, Defendants exclusively retained control of the management and operational functions of the hotel.

93.     Plaintiff made several demands, both orally and in writing, requesting certified financials and K-1s through the year 2004, pursuant to the Minutes and By-Laws of the Partnership.

14

94.    Defendants failed and/or refused to provide financials, accounts, books, and records in connection with Plaintiff's requests.

95.    Defendants ignored and/or refused to provide Plaintiff with an accounting and K-1's for the period proceeding Plaintiff's sale of his interest in the Partnership to Defendants.

96.    Plaintiff hereby demands that Defendants provide him with an accounting of the Partnership and the books, records and K-1's for the Partnership for the period December 1, 2004 through December 31, 2006.

97.    Plaintiff hereby demands that Defendants provide him with letters, emails, notes or any type of communications, contracts, and drafts of contracts, etc. relating to an agreement to sell the Project to Hersha Hospitality Trust which were sent or prepared in 2005, prior to the date that Plaintiff's shares were sold, as aforesaid.

WHEREFORE, the plaintiff, John A. Zaccaro, demands judgment as follows:

AS TO THE FIRST COUNT, against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital, Inc., 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit and for such other or further relief as the Court may deem just and proper;

AS TO THE SECOND COUNT, against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital, Inc. 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in

15

the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit and for such other or further relief as the Court may deem just and proper;

AS TO THE THIRD COUNT, against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital, Inc., 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit, punitive damages and for such other or further relief as the Court may deem just and proper;

AS TO THE FOURTH COUNT, against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital, Inc. 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit and for such other or further relief as the Court may deem just and proper.

AS TO THE FIFTH COUNT, against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital, Inc. 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit, compelling Defendant to provide Plaintiff with an accounting of the Partnership and directing the Defendants to provide Plaintiff with all the receipts and disbursements for the period of December 1, 2004 thru December 31, 2006 and for such other or further relief as the Court may deem just and proper.

16

WHEREFORE, the Plaintiff, John A. Zaccaro hereby demands trial by jury as to all issues in the above matter.

Dated: New York, New York
     February 21, 2008

                            Respectfully submitted,
                            DREIFUSS BONACCI & PARKER, LLP

By:

                            Eli J. Rogers
                            *Attorneys for Plaintiff, John A. Zaccaro*
                            Dreifuss Bonacci & Parker, LLP
                            One Penn Plaza, 36th Floor
                            New York, New York 10119
                                    - and -
                            26 Columbia Turnpike
                            North Entrance
                            Florham Park, NJ 07932

17

SUPREME COURT OF THE STATE OF NEW YORK     Year 2008
COUNTY OF NEW YORK                 Index No:

JOHN A. ZACCARO,

            Plaintiff,

     vs.

HASU P. SHAH, KIRIN P. PATEL, AFFORDABLE HOSPITALITY ASSOCIATES, L.P., AFFORDABLE HOSPITALITY, INC., HERSHA HOSPITALITY TRUST, HERSHA ENTERPRISES, LTD.,NISH CAPITAL, INC. and 3344 ASSOCIATES, LP,

            Defendants.

---

## COMPLAINT & JURY DEMAND

---

**DREIFUSS BONACCI & PARKER, LLP**
Attorneys for Defendant, Universal Bonding Insurance
Company
One Penn Plaza
New York, New York 10119
     - or -
26 Columbia Tumpike, North Entrance
Florham Park, New Jersey 07932
973-5141-1414
*Please respond to New Jersey office*

---

TO:                          Service of a copy of the
                              within is hereby admitted.

                              Dated: February 20, 2008

---

PLEASE TAKE NOTICE:
[ ] NOTICE OF ENTRY   -   that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on         , 2008

[ ] NOTICE OF SETTLEMENT   -   that an order of which the within is a true copy will be presented for settlement to _____, one of the judges of the within named Court, at

_____, _____ on _____, 2008 at ____.

Dated: February 20, 2008             Yours, etc.
To:

EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN A. ZACCARO<br>       Plaintiff, | : <br> : <br> : |
| v. | :    No. 102874-08<br> : |
| HASU P. SHAH, KIRAN P. PATEL,<br>AFFORDABLE HOSPITALITY<br>ASSOCIATES, L.P., AFFORDABLE<br>HOSPITALITY, INC., HERSHA<br>HOSPITALITY TRUST, HERSHA<br>ENTERPRISES, LTD., NISH<br>CAPITAL, INC., 3344<br>ASSOCIATES, L.P., JOHN and<br>MARY DOES "1" through "10" and<br>DOE CORPORATIONS "1" through<br>"10"<br>       Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: |

## AFFIDAVIT OF MAYUR PATEL IN SUPPORT OF

## DEFENDANT'S REMOVAL PETITION

The affiant, Mayur Patel, being of full age and duly sworn, hereby states:

1. I am an adult individual who is older than 18 years of age.

2. I am authorized to accept service on behalf of all Defendants listed in the caption above, with the exception of the not yet identified "John Doe, Mary Doe and Doe Corporation" Defendants.

3. I certify that on February 29, 2008, the Defendants were served with the Complaint in the above-captioned matter, a true and correct copy of which is attached hereto as Exhibit "A".

4. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Mayur Patel

Sworn to and Subscribed before me

this $\cancel{25}$ day of March, 2008.

COMMONWEALTH OF PENNSYLVANIA
Notary Public Seal
Dana Y. Thompson, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires Oct. 10, 2011

Pennsylvania Association of Notaries

Seal