UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOHN A. ZACCARO,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/08

                              Plaintiff,                          08 Civ. 3138 (PKC)

            -against-
                                                                  ORDER

HASU P. SHAH, et al.,
                              Defendants.
--------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

            Plaintiff John A. Zacarro, a "resident" of New York, commenced this action in

Supreme Court of the State of New York, New York County.  On March 27, 2008 defendants

removed the action to this Court invoking jurisdiction by reason of diversity of citizenship.  28

U.S.C. § 1332.  According to the Notice of Removal, defendants Affordable Hospitality Asso-

ciates, L.P. and 3344 Associates, L.P. are limited partnerships (collectively, the "L.P.s").  The

removal petition must allege the citizenship of all natural persons who are members of the lim-

ited partnership and the place of incorporation and principal place of business of any corporate

entities who are members of the limited partnership.  See Carden v. Arkoma Assocs., 494 U.S.

185, 195-96 (1990); see also Handelsman v. Bedford Village Associates Ltd. Partnership, 213

F.3d 48, 51-52 (2d Cir. 2000). If any partnership, limited partnership or limited liability com-

pany is a member of a limited partnership, then the allegations must be taken through to the

persons or corporate entities who are members of the partnership, limited partnership or limited

liability company.

            One of the removing defendants is the Hersha Hospitality Trust.  No information

is provided as to the identity or citizenship of the trustee. Ordinarily, the trustee's citizenship is

controlling for diversity purposes. See Navarro Sav. Ass'n v. Lee,  446 U.S. 458, 464

(1980)("trustee is a real party to the controversy for purposes of diversity jurisdiction when he

possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.)(citing <u>Bullard v. Cisco</u>, 290 U.S. 179, 189 (1933)).

Further, the Notice of Removal sets forth the state in which each of the individual defendants is a "resident" but not the state of his citizenship. A United States citizen may be a resident of several states but is a citizen (or domiciliary) of only one.

Defendants shall amend their Notice of Removal by April 16, 2008 to set forth allegations demonstrating complete diversity of citizenship in accordance with the foregoing. If defendants are unable to amend by the foregoing date to truthfully allege complete diversity, then the complaint will be dismissed for lack of subject matter jurisdiction. Defects in subject matter jurisdiction cannot be waived and failure to resolve potential defects in jurisdiction at the outset of a case may lead to much needless effort and expense.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
March 31, 2008