Raymond A. Fleck (1947-1985)
Wm. Donald Fleck (1954-1985)
Raymond A. Fleck, Jr.
Edward A. Fleck
Patricia A. Fleck
Robert J. Sparaco

FLORIDA COUNSEL
Edmond J. Kunmann

## Fleck, Fleck & Fleck

Attorneys at Law
1205 Franklin Avenue, Suite 300
Garden City, New York 11530-5726
(516) 742-5200

Flecklaw@Yahoo.com

FACSIMILE
516-248-1085

FLORIDA OFFICE
300 East Palmetto Park Road
Boca Raton, Florida 33432
561-391-3700

April 15, 2008

# MEMO ENDORSED

VIA FACSIMILE (212) 805-7949

The Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/08
```

Re: Zaccaro v. Hasu P. Shah, et al.
Case No. 08-CV-3138

Dear Judge Castel:

Please be advised that this firm represents the defendants in the above-referenced case, and submits this letter request for a pre-motion conference pursuant to paragraph 2(A)(1) of Your Honor's practices. Specifically, we intend to file a motion under Fed. R. Civ. P. 12(b) seeking an order to: (1) dismiss the case in its entirety, or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(e) requiring the plaintiff to re-plead with greater specificity all of his averments which allege fraud, and (2) pursuant to 28 U.S.C. § 1404, transfer venue to the Eastern District of Pennsylvania pursuant to the *forum non conveniens* doctrine.

### I. Basis For Motion to Dismiss or Require Plaintiff to Re-Plead With Specificity

The Complaint alleges that one, some or all of the defendants defrauded the plaintiff into selling his ownership interest in a Philadelphia hotel for less than it was allegedly worth. The Complaint further alleges that one, some or all of the defendants defrauded the plaintiff by misrepresenting the hotel's financial performance during the years that plaintiff was a partner in the hotel's ownership group. Thus, plaintiff claims that defendants fraudulently cut him out of partnership distributions.

*The parties are directed to appear for an initial conference which will also serve as a pre-motion conference on May 9, 2008 at 12:45pm. SO ORDERED*

*[signature], USDJ.*
*4-15-08*

*Fleck, Fleck & Fleck*

At least this is what the defendants have been able to ascertain from the Complaint, which is exceptionally vague and conclusory in its allegations, and thus violates specificity requirement of Federal Rule of Civil Procedure 9(b).

Under Rule 9(b), if a pleading alleges fraud, the plaintiff must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). Where allegations of fraud are made against multiple defendants, as is the case here, the pleading must give notice to each defendant of its alleged misconduct. Natowitz v. Mehlman, 542 F. Supp. 674, 676 (S.D.N.Y. 1982). To that end, the complaint may not rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which each individual defendant stands charged. O & G Carriers, Inc. v. Smith, 799 F. Supp. 1528, 1538 (S.D.N.Y. 1992).

The pleading requirements of Rule 9(b) should not to be ignored or taken lightly, for they serve two important purposes: the first is that proper, specific pleading allows for the preparation of an adequate defense while protecting a party's reputation from groundless accusations, and the second is to prevent the abuse of process and the gratuitous disruption of normal business activity. Id.

A plaintiff cannot satisfy these pleading requirements simply by lumping numerous defendants together without spelling out specifically the alleged fraud perpetrated by each one. If such an effort is made, and the complaint merely "repeats undifferentiated grouping of defendants so that it is impossible to tell what each individual defendant is accused of doing," then dismissal is warranted. Id.

In the present case, the plaintiff lumps together key defendants, blurs critical time lines, and scatter shoots conclusory allegations against unidentified defendants without meeting the notice and particularity requirements of Rule 9(b).

By way of example, Paragraph 34 of the Complaint avers certain alleged fraudulent misrepresentations, but fails to state which of the defendants allegedly made such remarks. The plaintiff merely refers to the "Defendants," of which there are at least eight, and six of which are comprised of more than a few officers, employees and agents. Furthermore, there is not even an attempt to identify with any accuracy the times and places that these alleged representations were made. Plaintiff merely states that "numerous meetings" occurred "sometime between 2004 and most of 2005."

This is not an isolated incident of sloppy pleading that fails to put the proper defendants on notice of what they are alleged (or, perhaps not alleged) to have done wrong. Throughout the entire Complaint, the plaintiff lumps together the "Defendants" again and again, and in so doing, fails to notify which of them is expected to respond to such allegations.

*Fleck, Fleck & Fleck*

By way of further example, Paragraph 37 avers that "Defendants used these misrepresentations as a means to request additional cash call from Plaintiff." Paragraphs 38 and 39 allege that these "Defendants" refused to produce Partnership books and records when asked to do so, and Paragraph 40 speaks of "Defendants" having further conversations with the plaintiff "on numerous occasions" that allegedly led the plaintiff to sell his ownership interest in the hotel.

All of the plaintiff's claims, whether grounded in fraud or breach of fiduciary duty, rely upon the factual averments referred to above. However, because those allegations lack the specificity required by Rule 9, none of the defendants can respond to the averments, or the legal claims asserted against them, with any confidence that they have accurately interpreted the overly vague Complaint.

Accordingly, as will be set forth in greater detail in the motion, the Complaint should either be dismissed as a whole, or the plaintiff should be ordered to re-plead with the specificity required by Rule 9(b).

## II. Basis of Motion to Transfer Venue Based on Forum Non Conveniens

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In deciding whether to transfer venue pursuant to section 1404(a), the threshold issue is "whether the action could have been brought in the district to which transfer is sought." Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co., 734 F. Supp. 54, 56 (N.D.N.Y. 1990). Once the threshold question is met, the court has discretion to transfer the case, once there is a clear showing by defendant that the balance of convenience factors weighs in favor of a transfer. Id. at 56.

Venue is clearly proper within the Eastern District of Pennsylvania. Defendants Hasu Shah and Kiran Patel both maintain offices, routinely conduct business, and are subject to service within the Eastern District. The other named defendants also maintain offices, own property, or otherwise regularly conduct business within the Eastern District of Pennsylvania. The Hampton Inn Hotel, which gave rise to this lawsuit, is located within the district. The partnership agreement, which Plaintiff alleges was breached, was drafted, negotiated and signed in Philadelphia. Thus, venue is proper in the Eastern District of Pennsylvania.

As the intended motion will demonstrate, venue is not only proper in the Eastern District of Philadelphia, but it is also more convenient according to the test set forth in Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S. Ct. 252, 258, 70 L. Ed. 2d 419, 426 (1981).

3

*Fleck, Fleck & Fleck*

In Piper, the Supreme Court delineated a list of private and public interest factors that a court must weigh when deciding a motion to transfer venue based on *forum non conveniens*. The private factors include the convenience to parties and witnesses, the relative ease of access to sources of proof, the cost of obtaining willing witnesses, and the practical problems that make trial of a case easy, expeditious, and inexpensive. Id. The public interest factors include avoiding the difficulties that arise from congested courts, the imposition of jury duty on a community with no relation to the litigation, the local interest in having local controversies decided at home, and the avoidance of unnecessary problems in conflicts of law or the application of foreign law. Id.

In the present matter, both the private and public interest factors strongly indicate that venue should be transferred. All of the witnesses who will testify on behalf of defendants reside in Pennsylvania. All of defendants' books and records are located in Pennsylvania. The hotel, which gave rise to the lawsuit, is located in Philadelphia. Furthermore, the case will likely be heard sooner if it is transferred to the Eastern District of Pennsylvania (often referred to as the "rocket docket" given the speed at which cases are called to trial). Finally, the matter involves the interpretation and application of Pennsylvania law which, while this court is unquestionably able to do, is better suited to the Eastern District of Pennsylvania. In comparison, the only connection with this court and the instant claim is the location of plaintiff's office. Thus, as the intended motion will explain in greater detail, the court should transfer this case to the Eastern District of Pennsylvania.

Defendants and their counsel thank the Court for its time in reviewing this letter, and formally request a pre-motion conference be scheduled on this matter as soon as practicable. In this regard, Defendants note that a Rule 16 conference has been scheduled in this matter for May 9, 2008 at 10:15. Perhaps that date can be used for the pre-motion conference and the Rule 16 conference adjourned, pending the disposition of Defendants' motion. Pursuant to your Honor's order dated March 31, 2008 Defendants have filed an Amended Notice of Removal with the Clerk of the court on April 14, 2008. Based on Your Honor's pre-motion conference requirement, Defendants' request that the time to file the pre-answer motion be extended until the conference is conducted.

Respectfully submitted,

Fleck, Fleck & Fleck

Edward A. Fleck (3469)

cc: Dreifuss, Bonacci & Parker
Attn: Joanne Bonacci, Esq.
Facsimile (973) 514-5959

4