# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN A. ZACCARO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HASU P. SHAH, KIRIN P. PATEL, AFFORDABLE HOSPITALITY ASSOCIATES, L.P., AFFORDABLE HOSPITALITY, INC., HERSHA HOSPITALITY TRUST, HERSHA ENTERPRISES, LTD., NISH CAPITAL, INC., 3344 ASSOCIATES, L.P., JOHN and MARY DOES "1" through "10", and DOE CORPORATIONS "1" through "10"<br><br>　　　　　Defendants. | Index No.: 08-CV-3138<br><br><br>**AMENDED COMPLAINT**<br><br> |

　　　　Plaintiff, John A. Zaccaro (hereinafter "Plaintiff"), by and through his attorneys, Dreifuss Bonacci & Parker LLP, brings this Complaint as against Defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc., Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital, Inc. and 3344 Associates, L.P., and alleges as follows:

## PARTIES

　　　　1.　　Plaintiff is an individual and resident of the State of New York, having an office located at 218 Lafayette Street, New York, NY 10012.

　　　　2.　　Defendant, Hasu P. Shah (hereinafter "Defendant Shah"), is an individual and upon information and belief is an officer of Defendant Hersha Enterprises, Ltd. (hereinafter "Defendant Hersha").

　　　　3.　　Defendant Shah is an individual and upon information and belief is an officer and shareholder of Defendant Nish Capital, Inc.

4.      Defendant Shah is an individual and upon information and belief is President of Defendant Affordable Hospitality, Inc.

5.      Defendant Shah is an individual and upon information and belief is an officer and/or partner of Defendant Affordable Hospitality Associates, L.P.

6.      Defendant Shah is an individual and upon information and belief Chairman of the Board of Trustees of Defendant Hersha Hospitality Trust.

7.      Defendant Shah is an individual and upon information and belief owns direct or indirect interests in Defendant 3344 Associates L.P.

8.      Defendant Shah is an individual and upon information and belief, Defendant does business through various entities in New York and owns commercial real property in New York County.

9.      Defendant Kirin P. Patel, (hereinafter "Defendant Patel"), is an individual and upon information and belief, is a principal, officer and/or partner of Defendant Affordable Hospitality Associates, L.P.

10.     Defendant Patel is an individual and upon information and belief, is a principal, officer and/or partner of Defendant Affordable Hospitality, Inc.

11.     Defendant Patel is an individual and upon information and belief, is an officer of Defendant Hersha Hospitality Trust, real estate investment trust, (REIT).

12.     Defendant Patel is an individual and upon information and belief, is a Trustee of Defendant Hersha Hospitality Trust (REIT).

13.     Defendant Patel is an individual and upon information and belief, is an officer and principal of Defendant Nish Capital, Inc.

14.    Defendant Patel is an individual and upon information and belief, owns direct or indirect interests in 3344 Associates L.P.

15.    Defendant Patel is an individual and upon information and belief, Defendant does business through various entities in New York and owns commercial real property in New York County through his ownership interest in various entities.

16.    Upon information and belief, Defendant, Affordable Hospitality Associates L.P., (hereinafter the "Partnership"), at all times mentioned herein, was and still is a foreign limited liability partnership organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 148 Sheraton Drive, Box A, Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102.

17.    Upon information and belief, Defendant Affordable Hospitality Inc., at all times hereinafter mentioned, was and still is a foreign corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 148 Sheraton Drive, Box A, Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102. Upon information and belief, Defendant Affordable Hospitality Inc., does business in New York and owns and/or manages/operates commercial real property in New York County.

18.    Upon information and belief, Defendant Hersha Hospitality Trust (REIT), at all times mentioned, was and still is a foreign real estate investment trust organized and existing by virtue of the laws of the State of Maryland, having offices located at 148 Sheraton Drive, Box A, New Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102. Upon information and belief, Defendant Hersha Hospitality Trust (REIT), does business in New York and owns and/or manages/operates commercial real property in New York County.

19.   Upon information and belief, Defendant Hersha Enterprises, Ltd., (hereinafter "Defendant Hersha"), at all times hereinafter mentioned, is a foreign company organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 148 Sheraton Drive, Box A, New Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102. Upon information and belief, Defendant Hersha, does business in New York and owns and/or manages/operates commercial real property in New York County.

20.   Upon information and belief Defendant Nish Capital, Inc. (hereinafter "Defendant Nish Capital"), at all times hereinafter mentioned, was and still is a foreign corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 148 Sheraton Drive, Box A, Cumberland, Pennsylvania 17070 and 44 Hersha Drive, Harrisburg, Pennsylvania 17102. Upon information and belief, Defendant Nish Capital does business in New York and owns and/or manages/operates commercial real property in New York County.

21.   Upon information and belief Defendant 3344 Associates, L.P., (hereinafter "Defendant 3344"), at all times hereinafter mentioned, was and still is a foreign corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, having offices located at 44 Hersha Drive, Harrisburgh, PA 17102. Upon information and belief, Defendant 3344 does business in New York and owns and/or manages/operates commercial real property in New York County.

22.   The Defendants, John and Mary Does "1" through "10" are persons whose actual names are presently unknown to plaintiff, and who directed or participated, either by themselves or with others in the acts complained of in this complaint.

4

23.    Doe Corporations "1" through "10" are corporate are other entities created by or under the color of law whose identities cannot be determined at this time, but who directed or participated, either by themselves or with others in the acts complained of in this complaint.

## JURISDICTION AND VENUE

24.    This action involves an amount in controversy, exclusive of interest, costs and attorneys fees, in excess of $75,000.00.

25.    This Court has jurisdiction based on diversity of citizenship pursuant to U.S.C.§ 1332 (a).

26.    Venue is proper in this District pursuant to 28 U.S.C. § 1332, as Plaintiff's residency is in the State of New York, and the residences of the individual Defendants and the principal place of business of the Defendant corporations, are located in Pennsylvania.

## FACTUAL BACKGROUND

27.    Plaintiff is engaged in the business of acquiring, developing and managing real estate.

28.    Defendants are engaged in the business of acquiring, developing and managing hotel facilities.

29.    In or about August 1996, Plaintiff entered into an agreement with Capital & Venture Resources, Ltd., and Stephen Guzzardi (hereinafter "Guzzardi") for the purpose of developing the real property located at 210-212 North 13th Street, a/k/a 1301-1309 Race Street, Philadelphia, Pennsylvania, as a hotel property.

30.    On or about September 25, 1997, Plaintiff entered into a contract of sale to purchase the real property located at 210-212 North 13th Street, a/k/a 1301-1309 Race Street, Philadelphia, Pennsylvania, for the purpose of constructing a new hotel property (hereinafter the "Hotel Project") at said location.

31.    On or about September 1998, Defendant Shah was first introduced to Emmet Delany (hereinafter "Delaney"), Guzzardi and Plaintiff through an individual named Greg Fox, who was then a franchise representative for Cendant.

32.    Upon information and belief, Defendants Shah and Patel currently own and have owned through various entities numerous real estate properties and operate various Hotels and Inns in New York County, Pennsylvania and other states, while operating as a family-owned business.

33.    On or about October 19, 1998, Plaintiff, Guzzardi and Delany entered into a Letter of Intent with Defendant Hersha Enterprises Ltd., to form a Joint Venture for the development and construction of the Hotel Project.

34.    On or about March 15, 1999, the Affordable Hospitality Associates, L.P., (hereinafter "the Partnership"), was organized and formed under the terms of the Letter of Intent.

35.    On or about March 15, 1999, the Partnership was formed by and between Defendant, Affordable Hospitality, Inc., (which served as general partner), Defendant Shah (a limited partner), Guzzardi (a limited partner), and Plaintiff (a limited partner).

36.    The Partnership was formed with the specific intent and purpose of acquiring, developing and operating the purchased property as a hotel.

37.    The Hotel Project consisted of the construction of a 250 room hotel, with commercial space on the ground level, with a portion to be used for retail purposes.

38.     In determining how to operate the hotel, Defendant Shah represented that he and Defendant Patel had prior experience with the brand "Hampton Inn and Suites," which he further represented was a limited service hotel, known for high occupancy rates in excess of the market and would be the best combination of business and leisure for the hotel project.

39.     Based upon his experience, Defendant Shah directed the Partnership to operate the hotel as a "Hampton Inn and Suites."

40.     Relying upon Defendants Shah and Patel's prior experience with the brand, along with Defendants Shah and Patel's vast experience with managing and marketing limited service hotels, Plaintiff reasonably relied upon Defendant Shah's representations regarding operating the hotel as a "Hampton Inn and Suites."

41.     On or about June 1, 2000, with the consent and permission of the Partnership, the Partnership allowed Delany to acquire an 8.25% interest in the Partnership, equally taken from both Plaintiff's and Guzzardi's interests. As a result of this transaction, Plaintiff, Guzzardi and Delany ultimately had equal 16.5% interests to the Partnership.

42.     Upon information and belief, on or about June 4, 2002, Hersha Capital, Inc., which is affiliated with and/or under common control and ownership of the Hersha Family of Companies owned and operated by Defendants, acquired the entire limited partnership interests of both Guzzardi and Delany.

43.     After acquiring the interests of Guzzardi and Delany, Defendant Hasu Shah and Defendant Affordable Hospitality Inc., held a combined 83.33% majority share of the Partnership, while Plaintiff became a 16.67% minority partner.

44.     Hersha Hospitality Management L.P., which is affiliated with and/or under common control and ownership of the Hersha Family of Companies owned and operated by

Defendants, continued to exclusively retain the day to day management and operational functions of the Hotel Project.

45.    On or about September 17, 2004, Defendants Shah and Patel held a telephone conference with Plaintiff, wherein they requested that an additional capital contribution needed to be made by Plaintiff to the Partnership and further represented to the Plaintiff that the hotel was not operating at a profit, was experiencing financial hardship and therefore was losing money.

46.    After being advised of the need for an additional capital contribution, Plaintiff made requests directly to Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., to inspect the books and financial records of the Partnership in order to analyze the need for the capital call, as well as to determine the proper actions to be taken by the Partnership.

47.    On or about December 13, 2004, Plaintiff held a telephone conference with Defendant Patel in an effort to discuss the finances of the hotel, however, Plaintiff was never given sufficient responses or information from Defendant Patel as to the true profitability of the hotel and therefore, Plaintiff again renewed his request to Defendant Patel to review the hotel's quarterly and year end statements.

48.    On or about December 15, 2004, Plaintiff invited Defendants Shah and Patel to discuss the financial outlook of the hotel and consider the options of refinancing, selling or changing the zoning for the hotel in order to maximize the hotel locations potential.

49.    Despite Plaintiff's invitation as set forth in paragraph 48, Plaintiff's suggestions remained unanswered by Defendants Shah and Patel.

50.    On or about December 2004, Defendants Shah, Patel and Mayur Patel, on behalf of the Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., represented to Plaintiff that based upon Defendants' prior knowledge of the hotel business and specific experience in the Philadelphia, Pennsylvania metropolitan area, that the hotel business in the City of Philadelphia was on a steady decline.

51.    On or about December 2004, and after Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., expressly represented to Plaintiff that the hotel market in Philadelphia was failing and occupancy rates were unexpectedly low, Defendants Shah and Patel requested that Plaintiff make an additional capital contribution to the Partnership.

52.    On or about January 5, 2005, Mayur Patel, on behalf of Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., again represented to Plaintiff that the hotel was performing poorly and had a negative cash flow.

53.    On or about March 29, 2005, Plaintiff requested Defendants Shah and Patel advise him as to why the hotel was underperforming and what Defendants' plans were with respect to marketing strategies to remedy the hotel's problems.

54.    On or about March 29, 2005, Plaintiff went on to represent that it was impossible for him to make an informed decision regarding the operation of the hotel, as well as project its future earnings, until such time Plaintiff was provided with adequate financial documents, which were in the exclusive control of the Defendants Shah and Patel, as well as Defendants Affordable Hospitality Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd.

55.    On or about March 29, 2005, Defendant Patel demanded Plaintiff make an additional $680,000 capital contribution to the Partnership.

56.    On or about March 29, 2005, Plaintiff refused to make the capital call based upon a lack of information regarding the project, at which time Defendant Patel offered Plaintiff one dollar ($1.00) to relinquish his interest in the Partnership.

57.    On or about April 27, 2005, Plaintiff renewed his request to Defendants Shah, Patel, and Mayur Patel, on behalf of Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., to review certified financials, as well as his own K-1 statements.

58.    On or about June 7, 2005, faced with the possibility of making a significant additional capital contribution, Plaintiff again addressed his concerns regarding the financial viability of the hotel by making several additional demands upon Defendants Shah, Patel and Mayur Patel, on behalf of the Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., both orally and in writing, specifically requesting certified financials, books, records and K-1's through the year 2004, and pursuant to the Partnership's Minutes and By-Laws, as well as course of business dealings.

59.    Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., failed and/or refused Plaintiff's requests to provide financials, accounts, books, records and K-1's, in connection with the hotel project in a timely manner.

60.    On or about August 23, 2005, Plaintiff again met with Defendants Shah and Patel, who continued to represent that the hotel was performing poorly.

61.     On or about August 23, 2005, Defendant Shah represented to Plaintiff that he was aware that other Philadelphia hotels were considering filing Chapter 11 bankruptcy.

62.     At the same meeting, on or about August 23, 2005, Plaintiff suggested the Partnership consider filing Chapter 11, which Defendant Shah quickly rejected by referencing that as Chairman of Defendant Hersha Hospitality Trust (REIT), such action would adversely impact the REIT.

63.     On or about August 23, 2005, Plaintiff discussed with Defendants Shah and Patel various options that the hotel could consider in order to improve its financial position, such as converting the hotel to condominiums, student housing, as well as senior housing.

64.     Defendants Shah and Patel rejected all of the suggestions put forth by Plaintiff at the meeting on or August 23, 2005, to improve the hotel's financial position.

65.     On or about October 25, 2005, Defendants Shah and Patel personally appeared at Plaintiff's New York Office to again specifically discuss their previous claims regarding the financial instability of the hotel, along with the forecast of a weak outlook for the Philadelphia hotel business.

66.     At the meeting in New York on or about October 25, 2005, Defendants Shah and Patel once again discussed and attempted to persuade Plaintiff into selling his remaining 16.67% minority interest in the Partnership.

67.     At this same meeting on or about October 25, 2005, citing to the same reasons as they had given before, Defendants Shah and Patel again reiterated the instability of the Philadelphia hotel market and informed Plaintiff that the situation now was that because the hotel continued to lose money, an additional cash call in the sum of $450,000.00 would be required to be paid by Plaintiff.

68.     At this same meeting, on or about October 25, 2005, after discussing the financial situation of the hotel and the hotel climate in Philadelphia, Defendants Shah and Patel again offered to purchase Plaintiff's shares for $1.00 outright, and insisted to Plaintiff that it was their belief that no other party would be willing or interested in purchasing Plaintiff's shares in the Partnership for anything more, based upon the hotel's poor performance.

69.     At this same meeting on or about October 25, 2005, and after informing Plaintiff of the impending capital call, Defendants Shah and Patel ultimately offered Plaintiff the sum of $200,000.00, to purchase Plaintiff's entire minority interest in the Partnership.

70.     At this same meeting, on or about October 25, 2005, Plaintiff made the request to review the financials of the Partnership, as the documents were still exclusively controlled and maintained by the Defendants Shah and Patel, as well as Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd.

71.     Despite numerous requests made by Plaintiff for Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., to produce financials and K-1's for the Partnership, Defendants again failed and/or refused to furnish or make them available to Plaintiff in a timely manner.

72.     Reasonably relying upon Defendants Shah and Patel's representations, along with their experience in the hotel market, as well as relying upon Defendant Shah's duties as a fiduciary and Defendant Patel's involvement with all the related entities involved in the Hotel project, Plaintiff reluctantly agreed to sell and assign his interests in the Hotel Project to Defendant Nish Capital, which upon information and belief is a member of the Hersha Family of Companies, at a loss.

73.    On or about November 3, 2005, Plaintiff's entire partnership interest was acquired by Defendant Nish Capital for the sum of $203,000.00. Defendant Nish Capital ultimately transferred Plaintiff's partnership interests to Defendant, 3344 Associates L.P., which upon information and belief is also a member of the Hersha Family of Companies

74.    Upon information and belief, at the time Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., compelled Plaintiff to sell his remaining shares in the Partnership, Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., Hersha Enterprises Ltd., Nish Capital, 3344 Associates L.P and Hersha Hospitality Trust (REIT), were all well aware of the true financial position of the hotel, as well as the impending sale of the Partnership and hotel to Defendant Hersha Hospitality Trust (REIT).

75.    Upon information and belief, several weeks after Plaintiff's entire Partnership interest was acquired by Defendant Nish Capital, Defendants Shah and Affordable Hospitality L.P., sold 80% of their interest in and to the Partnership, utilizing a supposed value of $28,000,000.00, to Defendant Hersha Hospitality Trust (REIT).

76.    Upon information and belief, the individual Defendants Shah and Patel and members of their family are key executives of Defendant Hersha Hospitality Trust (REIT), which is affiliated with the Hersha Family of Companies and managed by the individual Defendants Shah and Patel, named herein who have significant interest.

77.    Upon information and belief, the Defendant Hersha Hospitality Trust (REIT), is a publicly traded company, which must adhere to strict guidelines and regulations in connection with conducting its business.

78.    Upon information and belief, the strict guidelines and regulations adhered to by Defendant Hersha Hospitality Trust (REIT), meant that Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., Hersha Enterprises Ltd., Nish Capital, 3344 Associates L.P and Hersha Hospitality Trust (REIT), had set plans in place for Defendant Hersha Hospitality Trust (REIT) to acquire the Partnership and hotel project, well before the Plaintiff ultimately sold his minority interest to Defendant Nish Capital.

79.    On or about February 1, 2006, three (3) months after Plaintiff sold his interest in the Partnership, Defendant Patel wrote to Plaintiff demanding payment of $1,624,593.00, without providing any legitimate basis for the demand and provided thirty (30) days for Plaintiff to pay the amount in order to avoid a legal action.

80.    Upon information and belief, on or about October 4, 2007, Defendant Hersha Hospitality Trust (REIT), purchased the remaining 20% of the Partnership's interests utilizing a supposed value of $41.9 million.

81.    As a result of Defendants actions, Plaintiff has sustained damages of approximately $6,000,000.00.


### AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Fiduciary Duty)

82.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this complaint as if set forth herein in their entirety.

83.    Defendant Shah, as a partner in the Partnership, was under a fiduciary duty to act for the benefit of the Partnership and not in a manner adverse to the partners or the Partnership.

84.    As a partner, Defendant Shah owed a fiduciary duty of loyalty, trust, good faith, and confidence to the other members of the Partnership.

85.    Plaintiff, as a partner, relied upon Defendant Shah's duty to deal with him fairly, in good faith and to the Partnership's benefit and not to the detriment of his partners.

86.    Defendant Shah did not act in the appropriate manner and breached his fiduciary duties to the Partnership by purposefully concealing information regarding the true financial condition of the Partnership, as well as withholding knowledge that Defendant Hersha Hospitality (REIT) was in the process of acquiring the Partnership at the time Plaintiff sold his interests.

87.    Defendant Shah purposefully and intentionally made misrepresentations to Plaintiff as to the true financial stability and profitability of the hotel, as well as general misrepresentations as to the state of the hotel business in Philadelphia.

88.    Defendant Shah's purpose and intent in withholding crucial information regarding the financial status of the hotel, as well as the alleged condition of the hotel business in Philadelphia from Plaintiff, was done in an effort to persuade Plaintiff into selling his remaining minority interest in the Partnership to Defendant Nish Capital.

89.    Defendant Shah was well aware his actions would financially harm Plaintiff, benefit himself, as well as his Co-Defendants Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., Hersha Enterprises Ltd., Nish Capital, 3344 Associates L.P., and Hersha Hospitality Trust (REIT), and ultimately be a detriment to the Partnership.

90.    Defendants Shah, Patel, Affordable Hospitality Inc., Affordable Hospitality Associates L.P., Hersha Enterprises Ltd., Nish Capital, 3344 Associates L.P. and Hersha Hospitality Trust's (REIT), ultimate goal in acquiring Plaintiff's interest in the Partnership was to obtain full and exclusive control of the Partnership, with the intent to deprive Plaintiff of sharing in the Partnership's imminent ventures, including but not limited to the deal with

Defendant Hersha Hospitality Trust (REIT), an entity which Defendants Shah and Patel have a significant interest in and are principals of.

91.    By Defendant Shah failing to share critical information regarding the financial status of the hotel and the potential growth of the Philadelphia hotel market, as well as the Defendants' plans for the Partnership's imminent ventures with Defendant Hersha Hospitality Trust (REIT), Plaintiff sustained significant damages.

92.    Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., withheld crucial information from Plaintiff that would have undoubtedly played an integral role in Plaintiff's decision to ultimately sell his shares.

93.    Upon information and belief, Defendant Shah fraudulently concealed his own internal negotiations with Defendants Nish Capital, 3344 Associates L.P., and Hersha Hospitality Trust (REIT), all of which were members of the Hersha Family of Companies, from Plaintiff.

94.    Several weeks after Plaintiff sold his interest to Defendant Nish Capital, Defendant Hersha Hospitality Trust (REIT), a public company with significant disclosure requirements, acquired 80% of the Partnership's interests utilizing a supposed value of $28,000,000.00.

95.    The time period in which the sale occurred to Defendant Hersha Hospitality Trust (REIT) evidences that prior negotiations had taken place between Defendants Shah, Patel, Affordable Hospitality Inc., Affordable Hospitality L.P., Hersha Enterprises, Nish Capital, 3344 Associates L.P., and Hersha Hospitality Trust (REIT), prior to Plaintiff selling his interest.

96.    Defendant Shah conspired with Defendants Patel, Affordable Hospitality Inc., Affordable Hospitality L.P., Hersha Enterprises, Nish Capital, 3344 Associates L.P., and Hersha

Hospitality Trust (REIT), in an effort to persuade Plaintiff into selling his shares, thereby providing Defendant Hersha Hospitality Trust (REIT) the opportunity to acquire 80% of the Partnership's interests.

97.    Defendant Shah reaped significant financial rewards for himself, as well as for Co-Defendants Patel, Affordable Hospitality Inc., Affordable Hospitality L.P., Hersha Enterprises, Nish Capital, 3344 Associates L.P., and Hersha Hospitality Trust (REIT), by breaching his fiduciary duties to his Partner.

98.    By purposefully withholding information regarding the hotel's profitability, as well as the impending sale to Defendant Hersha Hospitality Trust (REIT), Defendant Shah breached his obligations as a fiduciary and failed to fulfill his duties of loyalty, trust, good faith, and confidence to the other members of the Partnership, resulting in substantial financial loss and damages to Plaintiff.


## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Partnership Agreement)

99.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

100.    Defendant Shah was a limited partner of the Partnership and President of Defendant Affordable Hospitality Inc., the general partner.

101.    As a partner in the Partnership and as President of Affordable Hospitality Inc., Defendant Shah owed a duty of care, good faith and loyalty to the Partnership and his partners.

102.    Defendant Shah breached his duties and obligations to the Partnership and to his partners pursuant to the terms and conditions of the Partnership Agreement and to the detriment of the Partnership and his partners.

103.   Defendant Shah engaged in activities for his own personal gain and to the detriment of his partners and the Partnership.

104.   By reason of the foregoing, Defendant Shah's breach of his obligations under the Partnership Agreement, has resulted in substantial financial loss and damages to Plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fraudulent Concealment by a Fiduciary)

105.   Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

106.   Defendants Shah and Patel have significant financial interests in Defendants Affordable Hospitality Inc., Affordable Hospitality Associates L.P., Nish Capital, 3344 Associates L.P., and Hersha Hospitality Trust (REIT).

107.   Defendants Shah and Patel have been in the hotel business for over 20 years and based upon their experience as seasoned professionals held themselves out as experts in the field and as having knowledge upon which Plaintiff relied.

108.   Upon information and belief, Defendants Shah and Patel controlled the entities which conducted the day-to-day business operations of the hotel and which had exclusive control over the financial books and records of the Partnership, which were all located in Pennsylvania.

109.   Upon information and belief, Defendants Shah and Patel were determined to gain 100% exclusive control over the Partnership and do so at a reduced value.

110.   Defendants Shah and Patel began to implement a plan to represent to Plaintiff in meetings and telephone calls beginning from approximately September of 2004 and extending until November of 2005, that the hotel was underperforming in an effort to persuade Plaintiff to sell his minority interest in the Partnership.

111.    In pursuit of their plan to obtain 100% control of the Partnership, Defendants Shah and Patel began to approach Plaintiff for numerous capital contributions to be made to the Partnership.

112.    Upon information and belief, Defendant Shah, as a partner in the Partnership, failed to disclose and intentionally concealed negotiations with Defendant Hersha Hospitality Trust (REIT), and Defendants' intention to sell the hotel property to the REIT, as well as the true profitability of the hotel, all in an effort to buy out Plaintiff's interest in the Partnership and to do so at a reduced value.

113.    Upon information and belief, at the time Defendants Shah and Patel approached Plaintiff in connection with acquiring his interest in the Partnership, Defendants Shah and Patel had already negotiated and contemplated a deal to enter into a Joint Venture with Defendant Hersha Hospitality Trust (REIT), in which Defendants Shah, Patel and members of their family are senior executives and have substantial ownership interest in.

114.    Upon information and belief, in an effort to compel Plaintiff to sell his shares in the Partnership, Defendant Shah intentionally concealed the potential profitability of the hotel property and failed to disclose the proposed sale to Defendant Hersha Hospitality Trust (REIT).

115.    Upon information and belief, Defendants Shah and Patel were aware of certain information concerning the Philadelphia Hotel market and its positive financial prospects connected to the expansion of the Philadelphia Convention Center.

116.    Upon information and belief, Defendants Shah and Patel knew that the hotel market in Philadelphia was about to experience rapid growth.

117.    Upon information and belief, at the time Defendants Shah and Patel were compelling Plaintiff to sell his interest in the Partnership, Defendants Shah and Patel were aware

of material facts regarding the Convention Center and the proposed sale to Defendant Hersha Hospitality Trust (REIT), which would have played an integral role in Plaintiff's ultimate decision to sell his interest in the Partnership to Defendant Nish Capital.

118.    Plaintiff reasonably relied to his detriment upon misrepresentations made by Defendants Shah and Patel, in their capacity as fiduciaries to the Partnership and based upon Defendants Shah, Patel and Mayur Patel, on behalf of on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., continued misrepresentations regarding the true profitability of the hotel, the expansion of the Convention Center and the proposed sale to Defendant Hersha Hospitality Trust. Ultimately, Plaintiff was forced to forego his return on his investment when his interests were sold to Defendant Nish Capital.

119.    Plaintiff reasonably relied upon the misrepresentations regarding the true profitability of the hotel, the expansion of the Convention Center, and the proposed sale of the Partnership to Defendant Hersha Hospitality Trust (REIT), made by Defendant Shah, because he owed a fiduciary duty to the Partnership.

120.    Upon information and belief, Defendants Shah and Patel fraudulently concealed their own internal negotiations with Defendants Nish Capital, 3344 Associates L.P., and Hersha Hospitality Trust (REIT) from Plaintiff.

121.    Upon information and belief, well before Plaintiff sold his interest to Defendant Nish Capital, plans by Defendants Shah and Patel were underway for Defendant Hersha Hospitality Trust (REIT), to acquire 80% of the Partnership's interests.

122.    Upon information and belief, Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., Hersha Enterprises Ltd., Nish Capital, 3344

Associates L.P and Hersha Hospitality Trust (REIT), together conspired in an effort to compel Plaintiff into selling his shares in the Partnership.

123.    Plaintiff reasonably relied upon the representations made by Defendants Shah, Patel and Mayur Patel, on behalf the Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., and suffered approximately $6,000,000.00, in damages proximately caused by Defendants' fraudulent concealment.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unjust Enrichment)

124.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

125.    Based upon Defendants Shah, Patel, and Mayur Patel, on behalf the Defendants Affordable Hospitality Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., misrepresentations Plaintiff ultimately sold his remaining shares in the Partnership at a loss, thereby conferring a substantial benefit upon Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., for the transaction which they initiated.

126.    Permitting Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., Hersha Enterprises Ltd., Nish Capital, 3344 Associates L.P and Hersha Hospitality Trust (REIT), to retain the value of the benefit conferred at the expense of the Plaintiff would be unfair, inequitable and unjust.

127.    As a result of Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., Hersha Enterprises Ltd., Nish Capital, 3344 Associates L.P and

Hersha Hospitality Trust (REIT), wrongful conduct, Plaintiff incurred substantial financial loss and damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Accounting)

128.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

129.    Upon information and belief, Defendants Shah, Patel, and Mayur Patel, on behalf the Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., exclusively retained control of the management and operational functions of the hotel.

130.    Plaintiff made several demands, both orally and in writing, directly to Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., requesting certified financials and K-1's through the years 2004, pursuant to the Minutes and By-Laws of the Partnership.

131.    Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., failed and/or refused to provide financials, accounts, books, and records in connection with Plaintiff's requests.

132.    Defendants Shah, Patel and Mayur Patel, on behalf of Defendants Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., ignored and/or refused to provide Plaintiff with an accounting and K-1's for the period proceeding Plaintiff's sale of his interest in the Partnership to Defendants.

133. Plaintiff hereby demands that Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., provide him with an accounting of the Partnership and the books, records and K-1's for the Partnership for the period December 1, 2004 through December 31, 2006.

134. Plaintiff hereby demands that Defendants Shah, Patel, Affordable Hospitality, Inc., Affordable Hospitality Associates L.P., and Hersha Enterprises Ltd., provide him with letters, emails, notes or any type of communications, contracts, and drafts of contracts, etc. relating to an agreement to sell the Partnership and hotel project to Defendant Hersha Hospitality Trust (REIT), which were sent or prepared in 2005, prior to the date that Plaintiff's shares were sold, as aforesaid.

**WHEREFORE**, the plaintiff, John A. Zaccaro, demands judgment as follows:

**AS TO THE FIRST COUNT**, against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust (REIT), Hersha Enterprises, Ltd., Nish Capital, Inc., 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit and for such other or further relief as the Court may deem just and proper;

**AS TO THE SECOND COUNT**, against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust (REIT), Hersha Enterprises, Ltd., Nish Capital, Inc. 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit and for such other or further relief as the Court may deem just and proper;

**AS TO THE THIRD COUNT,** against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust (REIT), Hersha Enterprises, Ltd., Nish Capital, Inc., 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit, punitive damages and for such other or further relief as the Court may deem just and proper;

**AS TO THE FOURTH COUNT,** against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust (REIT), Hersha Enterprises, Ltd., Nish Capital, Inc. 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit and for such other or further relief as the Court may deem just and proper.

**AS TO THE FIFTH COUNT,** against defendants, Hasu P. Shah, Kirin P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc. Hersha Hospitality Trust (REIT), Hersha Enterprises, Ltd., Nish Capital, Inc. 3344 Associates L.P., John and Mary Does "1" through "10" and Doe Corporations "1" through "10" individually and jointly and severally, in the amount of $6,000,000.00, together with pre- and post-judgment interest, costs of suit, compelling Defendant to provide Plaintiff with an accounting of the Partnership and directing the Defendants to provide Plaintiff with all the receipts and disbursements for the period of December 1, 2004 thru December 31, 2006 and for such other or further relief as the Court may deem just and proper.

**WHEREFORE,** the Plaintiff, John A. Zaccaro hereby demands a trial by jury as to all issues in the above matter.

Dated: New York, New York
      May 19, 2008

                            Respectfully submitted,
                            DREIFUSS BONACCI & PARKER, LLP

By:                          
                            JoAnne M. Bonacci *Admitted Pro Hac Vice*
                            *Attorneys for Plaintiff, John A. Zaccaro*
                            Dreifuss Bonacci & Parker, LLP
                            One Penn Plaza, 36th Floor
                            New York, New York 10119
                                  - and-
                            26 Columbia Turnpike
                            North Entrance
                            Florham Park, NJ 07932