## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN A. ZACCARO**        Plaintiff, | : <br> : <br> : |
| v. | :    No. 08-CV-3138 <br> : |
| **HASU P. SHAH, KIRAN P. PATEL, AFFORDABLE HOSPITALITY ASSOCIATES, L.P., AFFORDABLE HOSPITALITY, INC., HERSHA HOSPITALITY TRUST, HERSHA ENTERPRISES, LTD., NISH CAPITAL, INC., 3344 ASSOCIATES, L.P., JOHN and MARY DOES "1" through "10" and DOE CORPORATIONS "1" through "10"** <br>          Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

### ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Hasu P. Shah, Kiran P. Patel, Affordable Hospitality Associates, L.P., Affordable Hospitality, Inc., Hersha Hospitality Trust, Hersha Enterprises, Ltd., Nish Capital, Inc., 3344 Associates, L.P., John and Mary Does 1-10, and Doe Corporations 1-10 ("Defendants"), by and through its undersigned counsel, hereby answers the Amended Complaint filed by plaintiff John A. Zaccaro.

### Parties

1. Admitted.

2. Admitted.

3.  Admitted in part; denied in part.  It is admitted that that defendant Shah is an individual, but it is denied that he is an officer and shareholder of Nish Capital, Inc.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10.  Admitted.

11.  Admitted.

12.  Admitted.

13.  Admitted.

14.  Admitted.

15.  Admitted.

16.  Admitted.

17.  Admitted.

18.  Admitted.

19.  Admitted.

20.  Admitted in part; denied in part.  It is admitted only that Nish Capital, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and maintains offices located in New Cumberland, Pennsylvania 17070.  It is denied that Nish Capital owns, operates, or possesses any ownership interests in, any

hotels or other properties located within New York County.  By way of further response, Nish's current address is 6254 Bridle Court, Harrisburg, PA 17111.

21.  Admitted in part; denied in part.  It is admitted only that 3344 Associates, L.P. is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania and maintains offices located in New Cumberland, Pennsylvania 17070.  It is denied that 3344 Associates owns, operates, or possesses any ownership interests in, any hotels or other properties located within New York County.

22.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments contained in this paragraph, and such averments are therefore denied.

23.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments contained in this paragraph, and such averments are therefore denied.

## Jurisdiction and Venue

24.  Denied.  This paragraph contains only conclusions of law to which no responsive pleading is required.  To the extent that this paragraph is deemed to contain averments of fact, such averments are denied.

25.  Denied.  This paragraph contains only conclusions of law to which no responsive pleading is required.  To the extent that this paragraph is deemed to contain averments of fact, such averments are denied.

26.  Denied.  This paragraph contains only conclusions of law to which no responsive pleading is required.  To the extent that this paragraph is deemed to contain averments of fact, such averments are denied.

**Factual Background**

27.  Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments contained in this paragraph, and such averments are therefore denied.

28.  Admitted.

29.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments contained in this paragraph, and such averments are therefore denied.

30.  Denied.  Defendants are without sufficient information or knowledge to form a belief to the truth or accuracy of the averments contained in the paragraph, and therefore such averments are denied.

31.  Admitted in part; denied in part.  It is admitted that Defendant Shah met the Plaintiff, Emmet Delany and Stephen Guzzardi at some point in time.  All other averments are denied and Plaintiff is left to his proofs at trial.

32.  Admitted in part; denied in part.  It is admitted that Defendants Shah and Patel hold ownership interests in various hotels, including hotels in New York and Pennsylvania.  All other averments are denied.

33.  Admitted in part; denied in part.  While it is admitted that the parties identified in this paragraph entered into a letter of intent, all other averments contained in this paragraph are denied.

34.  Admitted in part; denied in part.  While it is admitted that a partnership agreement for a partnership known as Affordable Hospitality Associates, L.P. ("Partnership") was signed and executed on or about March 15, 1999, it is denied that the

Partnership was "organized and formed' on that date and it is further denied that said Partnership was "formed under the terms of the Letter of Intent." By way of further response, the certificate of organization for the Partnership was filed with the Secretary of State of Pennsylvania on March 31, 1999.

35. Admitted in part; denied in part. While it is admitted that on March 15, 1999, Affordable Hospitality Associates, Inc. signed the limited partnership agreement as the general partner, and it is further admitted that Hasu Shah, John Zaccaro and Steve Guzzardi signed the limited partnership agreement as limited partners, it is denied that the Partnership was formed or organized on that day. By way of further response, the certificate of organization for the partnership was filed with the Secretary of State of Pennsylvania on March 31, 1999.

36. Admitted.

37. Admitted.

38. Admitted in part; denied in part. It is admitted that Defendants Shah and Patel had experience with Hampton Inn hotels prior to the Hotel Project. All other averments are denied.

39. Denied.

40. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

41. Admitted.

42. Admitted in part; denied in part. It is admitted only that Hersha Capital, Inc. acquired the Partnership interests of Stephen Guzzardi and Emmet Delany. All other

averments are denied.  By way of further response, there is no entity or organization known as the "Hersha Family of Companies."

43.  Admitted in part; denied in part.  It is admitted that Plaintiff owned 16.67% of the Partnership after Emmet Delany and Stephen Guzzardi sold their Partnership interests.  All other averments are denied.

44.  Admitted in part; denied in part.  It is admitted that Hersha Hospitality Management, L.P. served as the operations manager of the Hotel from the time that it opened until the present time.  All other averments are denied.

45.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

46.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

47.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

48.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

49.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

50.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

51.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

52.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

53.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

54.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

55.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

56.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

57.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

58.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

59.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

60.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

61.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

62.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

63.  Denied.  Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

64. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

65. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

66. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

67. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

68. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

69. Admitted in part; denied in part. It is admitted that Defendants Shah and Patel discussed purchasing the partnership interests of the Plaintiff at some point in time in 2005. All other averments are denied.

70. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

71. Denied.

72. Denied.

73. Admitted in part; denied in part. It is admitted only that Nish Capital, Inc. acquired Plaintiff's ownership interests in the Partnership. All other averments are denied. By way of further response, there is no such entity or organization known as the "Hersha Family of Companies."

74. Denied.

75. Denied.

76. Admitted in part; denied part. It is admitted only that Defendants Shah and Patel are board members of Hersha Hospitality Trust at present. All other averments are denied.

77. Admitted in part; denied in part. It is admitted that Hersha Hospitality Trust is a publicly traded company. All other allegations are denied.

78. Denied.

79. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

80. Admitted in part; denied in part. It is admitted only that Hersha Hospitality Trust acquired a 20% interest in the Partnership and the Hotel in October of 2007. All other averments are denied.

81. Denied.

**As and For a First Cause of Action**
**(Alleged Breach of Fiduciary Duty)**

82. This is an incorporation paragraph to which no responsive pleading is required. To the extent that this paragraph is deemed to contain any factual averments, such averments are denied.

83. Denied. This paragraph contains only conclusions of law to which no responsive pleading is required. To the extent that this paragraph is deemed to contain factual averments, such averments are denied.

84. Denied. This paragraph contains only conclusions of law to which no responsive pleading is required. To the extent that this paragraph is deemed to contain factual averments, such averments are denied.

85. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth or accuracy of the averments in this paragraph, and such averments are therefore denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Admitted in part; denied in part. It is admitted only that Hersha Hospitality Trust acquired a 20% interest in the Partnership in October of 2007. All other averments are denied.

95. Denied.

96. Denied.

97. Denied.

98.  Denied.

## As and For a Second Cause of Action
### (Alleged Breach of Partnership Agreement)

99.  This is an incorporation paragraph to which no responsive pleading is required.  To the extent that this paragraph is deemed to contain any factual averments, such averments are denied.

100.  Admitted.

101.  Denied.  This paragraph contains only conclusions of law to which no responsive pleading is required.  To the extent that this paragraph is deemed to contain factual averments, such averments are denied.

102.  Denied.

103.  Denied.

104.  Denied.

## As and For a Third Cause of Action
### (Alleged Fraudulent Concealment by a Fiduciary)

105.  This is an incorporation paragraph to which no responsive pleading is required.  To the extent that this paragraph is deemed to contain any factual averments, such averments are denied.

106.  Admitted in part; denied in part.  While it is admitted that Shah and Patel have financial interests in Affordable Hospitality Associates, L.P., Nish Capital, Inc., 3344 Associates, L.P. and Hersha Hospitality Trust, the balance of the averments in this paragraph are denied.

107.  Admitted in part; denied in part.  It is admitted only that Defendants Shah and Patel have experience in the hotel business.  All other averments are denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

117.  Denied.

118.  Denied.

119.  Denied.

120.  Denied.

121.  Denied.

122.  Denied.

123.  Denied.

<u>**As and For a Fourth Cause of Action**</u>
**(Alleged Unjust Enrichment)**

124.  Denied.  This is an incorporation paragraph to which no responsive pleading is required.  To the extent that this paragraph is deemed to contain any factual averments, such averments are denied

125.  Denied.

126.  Denied.

127.  Denied.

## As and For a Fifth Cause of Action
### (Request for Accounting)

128.  Denied.  This is an incorporation paragraph to which no responsive pleading is required.  To the extent that this paragraph is deemed to contain any factual averments, such averments are denied

129.  Denied.

130.  Denied.  Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph, and such averments are therefore denied.

131.  Denied.

132.  Denied.

133.  Denied.  This paragraph does not contain any averments of fact.  To the extent it is deemed to contain factual averments, such averments are denied.

134.  Denied.  This paragraph does not contain any averments of fact.  To the extent it is deemed to contain factual averments, such averments are denied.

135.  Any and all allegations contained in the Amended Complaint that have not been responded to in this Answer are expressly denied.

**Wherefore**, Defendants demand judgment in their favor on all counts of the Plaintiff's Amended Complaint, and such other relief as this Court deems just, proper and equitable.

## **Affirmative Defenses**

1.      Plaintiff's claims are barred, in whole or part, for failing to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

3.      Plaintiff's claims are barred by payment.

4.      Plaintiff's claims are barred by the applicable Statute of Limitations.

5.      Plaintiff's claims are barred by the doctrine of laches.

6.      Plaintiff's claims are barred by the doctrine of unclean hands.

7.      Plaintiff's claims are barred by his own bad faith conduct.

8.      Plaintiff's claims based in tort are barred by Pennsylvania's "gist of the action" doctrine.

9.      Plaintiff's quasi-contract claims are barred because there was a written agreement between the parties.

10.      Plaintiff's claims are barred by his own violations of the Partnership Agreement.

11.      Plaintiff's claims are barred by his own breaches of fiduciary duty, including but not limited to, a repeated refusal to make required capital calls and a refusal to indemnify the Partnership for losses that it had incurred.

12.      Plaintiff's claims are barred by his own breaches of the duties of care, good faith and loyalty that he owed to the partners and the Partnership.

13.      To the extent that Plaintiff suffered damages, which is specifically denied, Plaintiff's claims are barred by a failure to mitigate such damages.

14.     Plaintiff's claims are barred because they were caused by his own conduct.

15.     Plaintiff's claims are barred in whole or in part by his act of release.

16.     Plaintiff's claims are barred by the doctrines of waiver and estoppel.

17.     Plaintiff's claims are barred by a lack and/or failure of consideration.

18.     Plaintiff's claims are barred, in whole or in part, by the Defendants' right to setoff and/or recoupment.

19.     Defendants made no knowingly false material representations to the Plaintiff.

20.     The information allegedly concealed from the Plaintiff was in fact made known to the Plaintiff, was known by Plaintiff, reasonably should have been known by plaintiff and/or were matters of public knowledge.

**Wherefore,** Defendants demand judgment in their favor and such other relief as this Court deems just, proper and equitable.

Respectfully submitted,

**BYLER & BLAKER, LLC**

BY: _____
**EVAN A. BLAKER, ESQUIRE**

510 Walnut Street, 9th Floor
Philadelphia, PA 19106

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN A. ZACCARO** | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : No. 08-CV-3138 |
| | : |
| **HASU P. SHAH, KIRAN P. PATEL,** | : |
| **AFFORDABLE HOSPITALITY** | : |
| **ASSOCIATES, L.P., AFFORDABLE** | : |
| **HOSPITALITY, INC., HERSHA** | : |
| **HOSPITALITY TRUST, HERSHA** | : |
| **ENTERPRISES, LTD., NISH** | : |
| **CAPITAL, INC., 3344** | : |
| **ASSOCIATES, L.P., JOHN and** | : |
| **MARY DOES "1" through "10" and** | : |
| **DOE CORPORATIONS "1" through** | : |
| **"10"** | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Evan A. Blaker, Esquire, counsel for Defendants, hereby certify that a true and correct copy of the foregoing Answer to the Amended Complaint and Affirmative Defenses was served upon the following individuals via electronic case filing notice and first class mail on June 9, 2008.

JoAnne M. Bonacci, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932

and

Edward A. Fleck, Esquire
FLECK, FLECK & FLECK, ESQS.
1205 Franklin Avenue
Suite 300
Garden City, New York 11530-5774

**BYLER & BLAKER, LLC**

BY:_____

**EVAN A. BLAKER, ESQUIRE**

**Dated:   June 9, 2008**