UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN A. ZACCARO,

                      Plaintiff,                              08 Civ. 3138(PKC)

       -against-

                                                  MEMORANDUM AND ORDER

HASU P. SHAH, et al., ,

                      Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Every day zealous advocates whose clients' ultimate positions are at odds work cooperatively to narrow their disputes and present those that cannot be resolved in a clear, concise and efficient manner.  Lawyers in civil cases stipulate to facts and the admissibility of exhibits and present joint proposed jury instructions and verdict forms.  On the criminal side, where personal liberties are at stake, defense counsel and prosecutors are able to resolve differences over the amounts of intended financial losses or quantities of drugs, even though the facts are capable of reasonable debate and may directly impact the length of a sentence of imprisonment.  These compromises are not signs of weakness or lack of zeal but a mark of savvy advocacy in which advocates endeavor to focus judicial attention on the most important issues.  It is also a mark of respect for the judicial system and litigants in other cases who are deserving of the prompt attention of judges.

        And then there are the lawyers and parties in the above-captioned matter.  It is a diversity action, removed from state court, asserting claims relating to the sale of an investment in a partnership formed in order to develop a hotel property in Philadelphia.  When a discovery dispute arose, principally over the scope of defendants' document

production, the Court entered an Order which reads in substantial part as follows:

> Counsel raising the dispute (at present, plaintiff's counsel ) is directed to contact opposing counsel to arrange a face-to-face, meet and confer session for no less than one hour in a good faith attempt to resolve or narrow any other outstanding discovery disputes. Thereafter, if the disputes have not been resolved, counsel for the parties are directed to submit a joint letter (the "Joint Letter") (1) certifying that they have complied with the foregoing meet and confer requirement; (2) stating each side's position on the disputed issues; and (3) setting forth the specific relief each side seeks, together with any citations to case law support. The text of the discovery requests and the objections, if any, should be submitted with the Joint Letter. I will either decide the issue on the basis of the Joint Letter, schedule a hearing or conference to resolve the disputes or direct the filing of a formal motion and briefing.

(Order of Oct. 16, 2008.)

The October 16 Order required the submission of the Joint Letter by October 24. No letter was submitted by October 24 and I set a date for the Final Pretrial Conference in this case for January 23, 2009. (Order of Nov. 12, 2008.) I then learned that the discovery dispute was very much alive and, at a conference held on November 19, extended the date for the Final Pretrial Conference and set a date of December 12 for the Joint letter. (Order of November 19, 2008.) Thereafter, the parties advised the Court that they "have been actively working together to narrow down the scope of the issues that remain for the Court." (Bonacci Letter of Dec. 10, 2008.). At the request of the parties, I extended the date for the Joint Letter to December 19.

The judicial system has not been rewarded for its patience. The Joint Letter is a 36-page single-space document (plus exhibits) which in reality is three separately signed letters stapled together with consecutive pagination and simultaneous submission. No effort is made to present positions on a particular document request in a sequential fashion. By my

count, plaintiff has pressed his position on **eighty-six (86)** discrete discovery requests.

Defendants' portion of the submission contains such opaque responses as the following: "Answering Defendant stands by its response to this request set forth in its Responses to Plaintiffs'' First Set Requests for Production." (Joint Letter at 27.) No "Responses" are annexed. Also defendants assert "By way of further response, see documents attached hereto as Bates Range Patel2-003 through2-176, which contain documents responsive to this request." (Joint Letter at 23.) While documents Patel 2 013 and Patel 2 174 are included with the Joint Letter (at Exhibits C and D), no other documents in the range have been submitted. In most instances, the defendants claim that they have produced all documents responsive to each document requests.

I submit that on this occasion attorneys JoAnne Bonacci of Dreifuss Bonacci & Parker LLP for the plaintiff and Anthony L. Byler of Byler & Blaker, LLC for the defendants have not served well the administration of justice. Their actions and inactions have diverted attention needlessly from the cause of other worthy litigants with habeas corpus petitions, social security appeals, maritime attachments, bankruptcy appeals and the array of civil and criminal motions that come before a federal district court.

Based upon my review of the merits of the dispute, defendants are ordered by January 9, 2009 to produce all non-privileged, non-work product documents responsive to plaintiff's previously served document requests and also to items 3 through 10 of page 13 of the Joint Letter, except that as to Request No. 16 to Kiran Patel and Requests No. 1 and 2 to Hasau Shah, the requests are limited to quarterly financial statements. By January 13, 2009, defendants Kirin Patel and Hasau Shah shall each file an affidavit or declaration under penalty of perjury setting forth: (1) that he has received and reviewed the plaintiff's

document requests, items 2 through 10 of page 13 of the Joint Letter and this Court's Order; (2) that he has diligently searched for all responsive documents; (3) that he has produced to his attorney all responsive documents and has not withheld any documents; (4) identifying any back-up tapes or data in the defendant's possession or control for the years 2002 through 2008; and (5) identifying any documents destroyed or discarded since March 27, 2008 (the date this action commenced) whether pursuant to a document retention policy or otherwise. As to Hersha Hospitality Trust, an affidavit or declaration setting forth the same five categories as ordered as to Messrs. Patel and Shah, except that the affidavit or declaration shall be by a trustee of the trust.  As to Affordable Hospitality Associates and 3344 Associates, the affidavit or declaration containing the same five categories as ordered for Messrs. Patel and Shah shall be provided by a general partner.  As to defendants Nish Capital, Inc., Hersha Enterprises, Ltd. and Affordable Hospitality, Inc. the affidavit or declaration the affidavit (with the same five categories of information) shall be submitted by the chief executive or chief financial officers of the corporations.   The Hersha Hospitality Trust and Hersha Enterprises shall describe the categories of documents destroyed in the repository fire and their efforts to search for duplicates.  Defendants' counsel shall submit by January 13 an affidavit or declaration stating that  (1) as to each defendant, all responsive documents have been produced and no responsive documents have been withheld, except those set forth on a listing in compliance with Local Rule 26.2 and (2) identifying the source of the search terms listed in paragraph 2 of the Weaver Declaration.  Based upon a review of the January 13 submissions, I will determine whether depositions are appropriate as to defendants' compliance with this Order. The full array of relief contemplated by Rule 37(b), Fed. R. Civ. P., 28 U.S.C.§ 1927 and the inherent powers of the Court are available in the

event there is not full compliance with this Order.


      SO ORDERED.

_____  
P. Kevin Castel  
United States District Judge

Dated: New York, New York  
       December 22, 2008