# DREIFUSS BONACCI & PARKER, LLP
## ATTORNEYS AT LAW

David O. Dreifuss (NJ)
JoAnne M. Bonacci (NJ & PA)
Ronald I. Parker (NJ & NY)
Bruce Diskstein (NJ & NY)

Derek A. Propell (NJ & NY)
Paul H. Mandal (NJ & NY)
Monika S. Pundalik (NJ)
Eli J. Rogers (NJ & NY)
Paul M. McCormick (NJ & NY)

26 Colu
Nor
Florham Par

(97
Telefax

Write:
jbonac

**VIA FACSIMILE**
Honorable P. Kevin Castel, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2260
Courtroom 12C
New York, New York 10007

Re: Zaccaro v. Hasu P. Shah, et al.
Index No.: 08-CV-3138 (PKC)
Response to Request for Pre-Motion Conference

Zaccaro v. Shah
08 Civ 3138(PKC)

I have defendants' letter of August 31 and plaintiff's letter of September 2. The background to this case is sufficiently explained in a prior ruling. Zaccaro v. Shah, 2008 WL 5429636 (S.D.N.Y. 2008.) Any party wishing to file a motion (summary judgment, to dismiss, to strike or otherwise) may do so by September 14. Local Civil Rule 6.1(b) will dictate the time for responses and replies. The schedule for Final Pretrial Submissions and the Final Pretrial Conference remains as scheduled.

SO ORDERED

P. Kevin Castel, U.S.D.J.
September 3, 2009

Dear Judge Castel:

This office, on behalf of Plaintiff, John A. Zaccaro, respectfully submits this letter in response to Mr. Byler's letter to Your Honor dated August 31, 2009. We have been diligently working on the Voir Dire, Requests to Charge, Motions in Limine and Proposed Stipulations of Fact as well as the other portions of the proposed pretrial submission required by Your Honor's Individual Practices and the Federal Rules of Civil Procedure so that we can prepare for trial as directed by Your Honor.

## I. Summary Judgment

First, as to summary judgment, the Defendants previously submitted to Your Honor a pre-motion request for leave to file a summary judgment motion in advance of the conference held on July 17, 2009. Your Honor heard the parties respective positions regarding their <u>mutual</u> summary judgment requests and then indicated that in lieu of summary judgment, both sides should proceed to trial and a schedule was set for the completion of the pretrial order. Consequently, consistent with Your Honor's directive, the Court's Order did not allow for filing of summary judgment motions and did not set a filing deadline or briefing schedule for such motions. Further, the Civil Case Management Plan and Scheduling Order entered by Your Honor on June 27, 2008 expressly declares that "a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing <u>within fourteen (14) days of the close of fact discovery.</u>" Pursuant to Your Honor's November 19, 2008 order, discovery ended on May 2, 2009. Therefore, it is respectfully submitted that defendants' request is both untimely and contrary to the Court's direction at the conference to proceed to trial without the intervening step of dispositive motions.

Although not mentioned in Mr. Byler's letter, his request for certain stipulated facts was for purposes of summary judgment. While proceeding forward to compile extensive information for the pretrial order, I responded to Mr. Byler's request by letter dated August 11, 2009, a copy of which is annexed hereto as